Carey, Richard J., J.
This is an action brought by the plaintiff, Torrance Van & Storage Company (“Torrance”) against the beneficiaries of the Lyman Development Realty Trust (“the Trust”), namely, Robert J. Depietri, Jr. (“Robert Depietri”), David P. Depietri (“David Depietri”), and Marcello Mallegni (“Mallegni”) (collectively, “the defendants”). Torrance’s complaint contains four counts: fraud (Count I); civil conspiracy (Count II); making a transfer of property with actual intent to hinder, delay, or defraud creditors in violation of G.L.c. 109A, §§5-9 (Count III); and unfair and deceptive acts or practices in violation of G.L.c. 93A, § 11 (Count IV). This matter is now before the court on the defendants’ motions to dismiss pursuant to Mass.R.Civ.P. 12(b)(6).[2] For the following reasons, the motions are ALLOWED in part and DENIED in part.
FACTUAL BACKGROUND
The defendants are beneficiaries of the Trust, which owned real estate at 41 Lyman Street, Northborough, Massachusetts. On June 13, 2001, Torrance brought a suit in Worcester Superior Court against the Trust (“the original lawsuit”). After the suit was filed, this court (Hillman, J.) granted Torrance a writ of attachment in the amount of $150,000 against the properly owned by the Trust.
On or about December 5, 2002, the defendants authorized the sale of the real estate at 41 Lyman Street for the sum of $3,950,000. The defendants did not provide notice of sale to the court or to Torrance, and did not give notice of the attachment to the purchasers of the property. Further, they failed to inform the title examiner and title insurance company involved in the sale of the attachment.[3] The defendants received the net proceeds of the sale and used them for individual and business purposes.
*88 On February 1, 2005, a jury returned a verdict for Torrance in the amount of $132,417.66. Torrance found out about the sale of the property shortly before the verdict. On February 3, 2005, Torrance’s counsel wrote a letter to the defendants, offering them an opportunity to post additional or alternative post-trial security in an amount of $250,000. The defendants did not comply with this request.
On January 30, 2006, this court (McDonald, J.) entered findings and rulings on Torrance’s c. 93A claim against the defendants. Finding that the Trust violated c. 93A in connection with the sale of the Trust property, the court awarded Torrance $60,837.75 in attorneys fees and costs. Torrance has been unable to recover on the judgment. As of October 1, 2008, the total amount that the Trust owed Torrance was approximately $347,000.
On October 10, 2008, Torrance brought the present action, alleging that the defendants “jointly conspired to sell real estate that had been attached by a Superior Court Order as security for the Plaintiffs judgment,” and “knowingly sold the attached real estate and fraudulently dissipated the proceeds to themselves and related companies for the express purpose of rendering the debtor insolvent, frustrating the Plaintiff s judgment and defying the Court ordered attachment.”
DISCUSSION
I.Legal Standard
To survive a motion to dismiss, a complaint must set forth the basis of the plaintiffs entitlement to relief with “more than labels and conclusions.” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). While factual allegations need not be detailed, they “must be enough to raise a right to relief above the speculative level ... [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . .” Id. quoting Bell Atl. Corp., 550 U.S. at 555. At the pleading stage, Mass.R.Civ.P. 12(b)(6) requires that the complaint set forth “factual ‘allegations plausibly suggesting (not merely consistent with)’ an entitlement to relief...” Id. quoting Bell Atl. Corp., 550 U.S. at 557.
II.Fraud (Count I) and Conspiracy to Commit Fraud (Count II) claims
The defendants assert that the three-year statute of limitations in G.L.c. 260, §2Abars Torrance’s fraud and conspiracy to commit fraud claims.[4] They assert that Torrance’s claims against the defendants accrued in December 2002, when the sale of property occurred. Torrance opposes, arguing that it is unclear when the statute of limitations began to run in this case, as “the central act of fraud alleged in Plaintiffs complaint is not simply [the defendants’] transfer of property] in disregard of an attachment, but the broader fraud of their distribution and use of the transfer’s proceeds.” Torrance argues that, because the fraudulent use and disbursement of the profits from the sale of the property might still be ongoing, the statute of limitations does not apply.
This court disagrees. “Under Massachusetts law, a cause of action in tort accrues at the time the plaintiff sustains some injury as result of a wrongful act on part of the defendant; however, if the injury or cause was not immediately apparent, the ’’discovery rule" applies and the cause of action does not accrue until the plaintiff knew or could have known of both the injury and the cause of injury." Arthur D. Little Intern., Inc. v. Doovang Corp., 928 F.Sup. 1189 (D.Mass. 1996). The allegedly tortious act giving rise to this action is the sale of property in December 2002 in violation of the attachment order. Torrance, however, did not learn about the sale until on or about February 1st, 2005. Accordingly, for purposes of the statute of limitations, February 1,2005 is the date when Torrance’s causes of actions as to counts I and II accrued. As such, Torrance was obligated to file such claims by Februaiy 1, 2008. Because Torrance failed to do so, this court finds that Torrance’s fraud and conspiracy to commit fraud claims are barred by the three-year statute of limitations and must be dismissed.[5]
III.Fraudulent Transfer in Violation of G.L.c. 109A, §§5-9
Similarly, the statute of limitations has run on Torrance’s fraudulent transfer claim under the Uniform Fraudulent Transfer Act, G.L.c. 109A, §§5-9 (“UFTA”), as he failed to bring the claim within four years of the transfer or one year after his discovery of the sale. See G.L.c. 109A, §10.[6] The court is not persuaded by Torrance’s argument that the statute of limitations period has not begun to run on Torrance’s claim under UFTA because the claim is based on the defendants’ ongoing actions in disposing of the Trust’s profits from the fraudulent transfer of the property. Torrance was put on notice of the alleged actions that gave rise to its claims against the defendants when it found out about the sale in February of2005. Accordingly, Torrance’s claim under UFTA became time-barred in December 2006, four years after the sale and more than a year after Torrance learned of the allegedly fraudulent transaction.[7]
IV.G.L.c. 93A, §11
The claim for a violation of G.L.c. 93A is governed by a four-year statute of limitations. See G.L.c. 260, §5A. Accordingly, the statute of limitations on Torrance’s claim brought under c. 93A would have ran on February 1, 2009. As Torrance brought this action against the defendants in December of2008, this claim survives the defendants’ statute of limitations challenge.
Furthermore, this court finds unconvincing the defendants’ argument that Torrance has failed to plead any conduct on the defendants’ behalf that would rise to a level of a c. 93A violation. Torrance’s complaint alleges that the defendants knew of the court order attaching the properly at 41 Lyman Street, sold the attached real estate in violation of the order and fraudulently dissipated the proceeds of the sale to themselves. If shown to be true, such conduct would amount to unfair and deceptive conduct in violation of G.L.c. 93A. See Vmark Software, Inc. v. EMC Corp., 37 *89 Mass.App.Ct. 610, 620 (1994) (“To be held unfair or deceptive under c. 93A, practices involving even worldly-wise business people do not have to attain the antiheroic proportions of immoral, unethical, oppressive, or unscrupulous conduct, but need only be within any recognized or established common law or statutory concept of unfairness”). Accordingly, this claim survives the defendants’ motions to dismiss.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendants’ Motions to Dismiss are ALLOWED as to Counts I, II, and III, and DENIED as to Count IV of the Complaint.

The Depietris and Mallegni served two separate motions to dismiss. The motions contain nearly identical arguments.

 The following facts, although not alleged in the complaint, are relevant to the understanding of the overall nature of this action. The legal name of the Trust is the Lyman Development Realty Trust. The lease between Torrance and the defendants, however, erroneously listed the Trust as the Lyman Street Development Realty Trust. As a result of this error, the original action was filed against the Lyman Street Development Realty Trust, and the writ of attachment incorrectly named Lyman Street Development Realty Trust as the owner of the 41 Lyman Street property. It is perhaps because of that error that the attachment was not discovered prior to the sale.

Pursuant to G.L.c. 260, §2A, “[e]xcept as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues.”

The defendants further argue that Torrance failed to plead its fraud and fraudulent transfer claims with sufficient particularity. In light of the court’s conclusion that the claims do not survive on statute of limitations ground, the court need not address this argument.

G.L.c. 109A, §10, provides, in relevant part: “A cause of action with respect to a fraudulent transfer or obligation under this chapter shall be extinguished unless action is brought (a) under paragraph (1) of subsection (a) of section five, within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant. . .”

The court finds Torrance’s other arguments in support of its position that its claims are not barred by statutes of limitation similarly unavailing. As to the waiver argument, none of the defendants waived the statute of limitations defense because they asserted the statute of limitations as an affirmative defense in their initial responsive pleadings, i.e. motion to dismiss. See Mass.R.Civ.P. 8(c). The court further disagrees with the assertion that a twenty-year statute of limitations should apply because the present action is “a remedy in the nature of a reach and apply action” with the statute of limitations for twenty years. As Torrance itself recognizes, its cause of action for reach and apply is premature as “it has not accrued because [it] has not obtained a final judgment [in the original action].” Similarly, its assertion that its action arises from a contract executed as a sealed documents for which the statute of limitations is twenty years is for the first time raised in the opposition to the defendants’ motion.